## Holland v. McArdle

*Regis C. Nairn,* for plaintiff.

*George M. Weis* and *John R. Bredin,* for defendant.

SOFFEL, J., January 3, 1957.—Joan Holland brought suit in trespass against F. J. McArdle to recover damages for injuries sustained while riding as a passenger in his automobile. Defendant brought Robert Leary upon the record as additional defendant. The accident happened on May 13, 1953, on Bigelow Boulevard, Pittsburgh, just south of its intersection with Forbes Street. Dr. McArdle was driving in a southerly direction on Bigelow Boulevard, had crossed Forbes Street, when his automobile came into collision with a car owned and operated by Robert Leary as it backed out of a parked position in an area designated as the Schenley Plaza. The accident occurred about 2:30 p.m.

The jury returned the following verdict:

"And now, to wit, September 19th, 1956, we the jurors impaneled in the above entitled case find both defendants guilty of negligence," which the court molded to read:

"And now, to wit, September 19th, 1956, we the jurors impaneled in the above entitled case find both defendants guilty of negligence. We find a verdict in favor of the defendants, to wit, as follows: A verdict in favor of the additional defendant, Robert Leary, by direction of the court and a verdict in favor of the defendant, F. J. McArdle."

On June 13, 1956, in consideration of the payment of $500, plaintiff executed and gave defendant, Robert Leary, the following release:

"RELEASE OF ALL CLAIMS

"For and in consideration of the payment to me/us of the sum of Five Hundred and 00/100 Dollars ($500.00), by Robert W. Leary, I/we, being of lawful age, have released and discharged, and by this release do for myself/ourselves, my/our heirs, executors, administrators and assigns, release and discharge the said Robert W. Leary and any and all other persons and entities (whether herein named or not) who may be jointly or severally liable in tort for all known or unknown personal injuries and death and property damage in any way growing out of or resulting from or to result from an accident which occurred on or about the 20th day of May, 1953, at or near Bigelow Blvd., Pittsburgh, Pa.

"The payment made to me/us is upon my/our warranty that I/we have not received heretofore any consideration whatever for, nor have I/we released heretofore any person, firm or corporation from, any claim or liability for any injuries to person or property arising from said accident, and I/we agree to hold harmless and indemnify the said Robert W. Leary from any loss, claim, liability, cost or expense growing out of any claim against them or either of them for contribution by any alleged joint tortfeasor under any applicable Contribution Among Tortfeasors Act."

This case is now before the court on plaintiff's motion for a new trial, which sets forth these reasons:

The verdict is against the law.

The verdict is against the evidence.

The verdict is against weight of evidence.

The court erred in charging jury that plaintiff could not recover in event jury found a verdict of joint negligence against defendants.

The court erred in conforming the jury's verdict to show a verdict in favor of original defendant, F. J. McArdle.

The court erred in finding as matter of law that if

the jury found a joint verdict against both defendants that the release executed by plaintiff to additional defendant, Robert Leary, operated to release original defendant, F. J. McArdle.

The sole question presented on argument is whether plaintiff, in releasing Robert W. Leary, also released defendant, F. J. McArdle. The court held as a matter of law that the release inured to the benefit of Dr. McArdle if the jury found him "to be jointly or severally liable" with Leary.

In submitting the case to the jury, the trial judge requested the jury to make specific findings of fact:

## "REQUEST FOR FINDINGS OF FACT

"Members of the Jury:

"You are requested by the court to make the following findings of fact:

"1. Was the proximate cause of this accident the negligence of one or the other defendant or of both defendants?

"Answer: Both defendants.

"2. Was this accident caused by the joint negligence of both defendants?

"Answer: Yes.

"3. Was this accident caused solely by the negligence

"(a) of Dr. McArdle?

"Answer: No:

"(b) of Mr. Leary?

"Answer: No."

In the charge to the jury, the trial judge instructed the jury as follows:

"Now this release contains certain other language which may or may not become material in this case. This paper goes on to release not only Mr. Leary but any and all other persons who may be jointly or severally liable in tort for this accident.

"Now what does that language mean? The court interprets it to mean this:

"If this jury finds as a fact that the accident was caused by the joint negligence of Leary and McArdle under the terms of the release, the jury must also return a verdict in favor of McArdle. I have prepared a request for this jury to make certain specific findings of fact. I am asking you to state:

"1. Was the proximate cause of this accident the negligence of one defendant or both defendants?

"2. Was this accident caused by the joint negligence of both defendants?

"3. Was this accident caused solely by the negligence (a) of Dr. McArdle or (b) of Mr. Leary?

"Now these findings of fact become important. The court believes that under the law in this case, the plaintiff cannot recover a verdict against Dr. McArdle unless the jury finds affirmatively that his negligence was the sole cause of the accident. The burden of proof is upon the plaintiff to satisfy the jury by the fair weight or preponderance of the evidence that this accident was caused solely by the negligence of Dr. McArdle. Only thus can the plaintiff recover."

Counsel for plaintiff excepts to this statement and argues that the court interpreted the release contrary to law.

The court also directed the jury to return a verdict in favor of additional defendant, Leary, because plaintiff had released him from any and all claims arising out of this accident. While agreeing that the release operated in favor of Robert W. Leary, counsel for plaintiff denies its application to defendant, Dr. McArdle.

In Daugherty v. Hershberger, 386 Pa. 367, 374 (1956), Chief Justice Stern, in commenting on the law relating to joint tortfeasors said:

"At common law an injured party could have for the

same injury but one satisfaction, and the receipt of such satisfaction, as consideration for a release executed by him from a person liable for such injury, necessarily worked a release of all others liable for the same injury even though it was intended, or the release expressly stipulated, that the other wrongdoers should not thereby be released."

This was changed by the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, sec. 4, 12 PS §2085, which provides inter alia as follows:

"A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides . . ."

Plaintiff argues that the Pennsylvania Supreme Court in Daugherty v. Hershberger, supra, indicates that the act in question must be strictly construed. With this as his premise, plaintiff contends that a strict construction of the above quoted section of the act requires a person who relies upon a release to be specifically identified by name in the release.

We do not agree that the Daugherty case states that the act in question must be strictly construed. The only indication of the proper way to construe the act was the reference made by Chief Justice Horace Stern to section 7 of the act, which reads as follows:

"This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those States that enact it." Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, sec. 7, 12 PS §2088.

In Hodges v. United States Fidelity & Guaranty Co., Mun. Ct. App. Dist. Col. 91 A. 2d 473, 34 A. L. R. 2d 1101, the court, deciding a case which arose from an accident in Maryland and controlled by Maryland law,

stated and answered a question similar to the one before this court as follows, at 91 A. 2d 475:

"Did the releases executed by the injured persons extinguish Hodges' liability to them? Section 22 (*c*) of the act provides that a joint tortfeasor who enters into a settlement with an injured person is not entitled to contribution from another joint tortfeasor unless the liability of the latter is extinguished by the settlement. Section 24 of the act provides that a release by the injured person of one joint tortfeasor does not discharge the other tortfeasors unless the release so provides.

"The four releases totaling $1,700 are identical except for names and amounts. They are on printed forms and recite in part that in consideration of the payment of a certain amount the signer does 'release and forever discharge the said Payer [Transport Corporation] and all other persons, firms, and corporations, both known and unknown, of and from any and all claims, demands, damages [etc.] for or because of any matter or thing done by anyone . . . on account of all injuries both to person or property resulting, or to result [from the accident] . . . identifying the time and place thereof. Hodges argues that because he was not named in the releases, his liability to the injured parties has not been extinguished.

"If appellant's view were sound, we would have to read this requirement of the act to be 'does not discharge the other tortfeasors unless the release so provides by *specifically naming the other tortfeasors*'. We must reject such a proposed construction as strained and unrealistic. We think a release can 'so provide' without so naming the other tortfeasors, and that such was accomplished in this case." (Brackets, omissions and italics are the courts.)

It is to be noted that the Uniform Contribution

Among Tortfeasors Act has been adopted by Arkansas, Delaware, Hawaii, Maryland, New Mexico, Pennsylvania, Rhode Island and South Dakota: Uniform Contribution Among Tortfeasors Act, 9 U. L. A., page 56 (Supp. 1955). Maryland is one of the States that has adopted this act and the Hodges case applies the law of Maryland.

Plaintiff argues further that the second paragraph of the instant release creates an ambiguity which parol evidence should have been admitted to explain. The second paragraph of the release reads as follows:

"The payment made to me/us is upon my/our warranty that I/we have not received heretofore any consideration whatever for, nor have I/we released heretofore any person, firm or corporation from, any claim or liability for any injuries to person or property arising from said accident, and I/we agree to hold harmless and indemnify the said Robert W. Leary from any loss, claim, liability, cost or expense growing out of any claim against them or either of them for contribution by any alleged joint tortfeasor under any applicable Contribution Among Tortfeasors Act."

We find no ambiguity in this clause. Had plaintiff prior to making this settlement with Leary received say $2,000 from Dr. McArdle and signed a release of all persons involved, there is a possibility that Dr. McArdle would have had a right of contribution against Leary under the Uniform Contribution Among Joint Tortfeasors Act of 1951. This paragraph clearly indemnifies Leary against a loss arising from such a possibility. That is all it does.

In determining whether the instant release inured to the benefit of defendant, Dr. McArdle, we point first to the language of the release and note it releases "Robert W. Leary and any and all other persons and entities (whether herein named or not) who may be jointly or severally liable in tort". Counsel for plaintiff has

argued that to be released one must be specifically named, but this instrument releases "any and all other persons—whether herein named or not". This would seem to dispose of any argument that the one released must be named in the instrument. Second, we note the one released "must be jointly or severally liable in tort", with Leary. In response to the directions of the court, the jury returned special findings of fact finding specifically that McArdle and Leary were jointly negligent in causing plaintiff's injuries. In view of the jury's finding of joint negligence, the effect of the release is governed by the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082 et seq.

The pertinent portions of the act are the following:

"Section 4. A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid.

"Section 7. This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those States that enact it."

We must, therefore, conclude that the words of section 4 "unless the release so provides" govern the instant release and serve to discharge original defendant from any liability to plaintiff.

The language of the release clearly indicates an intention on the part of plaintiff, Holland, to release and discharge all persons responsible for the injuries which she received in this accident. Any other interpretation would strain the intent of the parties and render useless the language used in the release. In view of the fact that the intention of the parties is clearly set forth

in the release and there is no ambiguity, the court was correct in refusing to accept oral testimony intended to vary the terms of the written instrument.

The motion for new trial will be refused.

*Order*

And now, to wit, January 3, 1957, motion ex parte plaintiff for a new trial is refused.

Eo die exception noted and bill sealed.